# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.V. and L.V.**

**No. 19-1110** (Pendleton County 18-JA-11 and 18-JA-12)

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.S., by counsel Jeremy B. Cooper, appeals the Circuit Court of Pendleton County's September 30, 2019, order terminating her parental rights to S.V. and L.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Marla Zelene Harman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2018, the DHHR filed an abuse and neglect petition against petitioner and the father alleging that petitioner tested positive for opiates, benzodiazepine, methamphetamine, and marijuana and that L.V. was born drug-exposed. According to the DHHR, petitioner came to the hospital during her nineteenth week of pregnancy for treatment and left the hospital twice in the same visit against medical advice. The petition alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

petitioner also ignored medical advice to visit or stay at hospitals throughout her pregnancy, including on one occasion when she left because she was afraid of withdrawing from heroin. Further, the petition alleged that the DHHR had received referrals about a history of petitioner's alleged substance abuse dating back to 2014 associated with the birth of her older child, S.V. Thereafter, petitioner waived her preliminary hearing.

In January of 2019, the circuit court held an adjudicatory hearing wherein petitioner stipulated to abusing and neglecting the children by exposing them to pervasive drug use, domestic violence, and causing L.V. to be born drug-exposed. The circuit court accepted petitioner's stipulation and granted her a six-month post-adjudicatory improvement period.

The circuit court held a hearing in February of 2019 to approve the terms and conditions of petitioner's case plan. Petitioner was hospitalized with pneumonia and did not appear but was represented by counsel. The circuit court continued the hearing to allow petitioner the opportunity to appear in person. In March of 2019, the circuit court held another hearing to approve the case plan. Petitioner was again absent but represented by counsel. Petitioner was participating in a detoxification program, and the circuit court continued the hearing again. In April of 2019, the circuit court held a hearing wherein petitioner appeared in person and agreed to the terms and conditions of her case plan, and the court reminded her that "time [was] of the essence." The terms of petitioner's improvement period included a psychological evaluation, obtaining separate housing from the father, participation in parenting and life skills classes, and a recommendation that petitioner enter a rehabilitation program. Over the next several months, the circuit court held a series of review hearings on petitioner's improvement period. Petitioner failed to attend some of these hearings but was represented by counsel throughout the proceedings. The circuit court continued to hold status hearings until the DHHR filed a motion to revoke petitioner's improvement period in July of 2019.

In August of 2019, the circuit court held a hearing on the DHHR's motion to revoke petitioner's improvement period. In moving for petitioner's improvement period to be revoked, the DHHR alleged that petitioner failed to comply with the case plan, repeatedly testing positive for controlled substances and failing to attend recent court hearings. The circuit court ordered a brief recess during the hearing so that petitioner could have a drug screen taken, and petitioner tested positive for multiple controlled substances. The circuit court found that petitioner was noncompliant with the terms of her case plan and violated the terms and conditions of her improvement period. Accordingly, the circuit court granted the DHHR's motion and revoked petitioner's post-adjudicatory improvement period.

In September of 2019, the circuit court held a dispositional hearing. Petitioner did not appear in person at the hearing but was represented by counsel. The DHHR moved for termination of petitioner's parental rights. At the hearing, a DHHR caseworker testified that petitioner failed many parts of her case plan, including substance abuse treatment, completing a psychological evaluation, participating in day report services, and obtaining a driver's license. Additionally, the caseworker testified that although petitioner had secured stable housing at one point in the proceedings, she did not keep in touch and as of the dispositional hearing her

2

whereabouts were unknown. In light of the evidence at the dispositional hearing, the circuit court found that petitioner was "unwilling or unable to provide adequately for the children's needs." Further, the circuit court found that petitioner could not provide a "sustainable safe home for the children," "failed to cooperate and participate with the treatment goals," and, despite being provided services, "failed to materially integrate those skills." Finally, the circuit court found that petitioner "sporadically engaged in drug treatment, but continued to use drugs and tested positive for multiple substances at the last hearing." Based upon these findings, the circuit court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that it was in the best interests of the children to terminate petitioner's parental rights.[2] The circuit court entered an order reflecting its decision on September 30, 2019. Petitioner appeals from this order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that "it was error for the [c]ircuit [c]ourt to terminate [her] improvement period, and subsequently her parental rights, when the crux of her non-compliance was continued drug relapses in the face of efforts at recovery from addiction." However, petitioner alleges no error in the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future or that it was in the best interest of the children to terminate her parental rights. Indeed, petitioner concedes there is "ample court precedent" for the circuit court's termination of her parental rights and that this Court is "unlikely to find an abuse of discretion based upon the circumstances in the record." Instead, petitioner requests "a good faith modification of existing law to require a

---

[2]The parents' parental rights were terminated during the proceedings below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

[c]ircuit [c]ourt to take into account to what extent a relapse is part of the process of recovery." According to petitioner, the circuit court was "restrained" by current law to consider petitioner's relapses. We find petitioner's argument unavailing.

Pursuant to West Virginia Code § 49-4-610(7), a circuit court may terminate a parent's improvement period if she "has failed to fully participate in the terms of the improvement period." Here, the record is clear that petitioner failed to fully comply with the terms and conditions of her post-adjudicatory improvement period. The evidence establishes that she failed to maintain sobriety, attend parenting and adult life skills classes, obtain stable housing, or appear regularly at her court hearings throughout her improvement period. Further, it is within "the court's discretion to terminate the improvement period before the . . . time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996).

Although there were points in time where petitioner complied with services generally and participated in a sober living home, she fails to address the fact that she did not complete many of the other terms required by her family case plan. Petitioner simply argues she "went to inpatient drug treatment and had nine consecutive clean screens at one point after leaving that facility," while acknowledging that she had "escalating relapses." However, petitioner bore the responsibility of completing the goals of her family case plan, and she fails to address her failure to complete its terms, other than arguing that ongoing drug relapses are consistent with efforts at recovery. We find, however, that the overwhelming evidence supports the circuit court's finding that petitioner failed to complete the terms of her improvement period and that termination of her improvement period was appropriate.

Finally, based on the evidence of petitioner's sporadic compliance and her failure to secure stable housing, remain drug free, and attend her parenting classes or court hearings, the circuit court found that petitioner failed to follow through with the DHHR's rehabilitative services. Importantly, this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future under West Virginia Code § 49-4-604(c)(3) (2019).[3] On appeal, petitioner asserts that the circuit court's decision to terminate was constrained by existing law and that a modification of existing law would have allowed the circuit court to properly consider petitioner's relapses. We find this argument to be without merit, and refuse to accept petitioner's position that her repeated positive drug screens evidence anything other than her continued substance abuse. Further, we find that the circuit court not only properly considered petitioner's struggles with substance abuse, but enumerated several areas other than substance abuse in its dispositional order where petitioner failed to make progress, as the basis for the termination of her parental rights. The circuit court's findings are based on substantial evidence that petitioner was never fully compliant in her improvement period and failed to avail herself of many of the services offered. Moreover, the

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

4

circuit court found that termination of petitioner's parental rights was in the children's best interests. According to West Virginia Code § 49-4-604(b)(6) (2019), circuit courts may terminate parental rights upon these findings. Further, we have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 30, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison